Case 4:13-cv-00731-A   Document 5   Filed 09/12/13   Page 1 of 7

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 12 2013

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALICE GUTIERREZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-731-A |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiffs, Alice Gutierrez and Gilbert Gutierrez, Sr., initiated this action by filing their original petition and an application for temporary restraining order and temporary injunction in the District Court of Tarrant County, Texas, 96th Judicial District, naming as defendant Bank of America, N.A. Defendant removed the action, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.

In their state court pleadings, plaintiffs alleged that on or about October 14, 2004, History Makers, Inc., granted them a warranty deed on the property located on Canary Drive in Saginaw, Texas, and that on March 27, 2006, they executed a promissory note in favor of Countrywide Home Loans, Inc., secured by a deed of trust, to purchase the property.[1] Plaintiffs alleged that although Tarrant County records reflect various assignments of the deed of trust, none show that defendant has any interest in the property, yet defendant has attempted to foreclose on the property. Plaintiffs seek several declarations from the court, all essentially amounting to a declaration that defendant has no interest in the property and has no authority to foreclose. Plaintiffs also allege causes of action to quiet title and for trespass to try title, for violation of Chapter 12 of the Civil Practice & Remedies Code, and also seek injunctive relief.

---

[1]Upon review of the papers attached to the state court pleadings, it appears that the March 2007 transaction was a refinance of the debt pursuant to section 50(e)(2) of the Texas Constitution, rather than an outright purchase, as alleged in the petition.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

3

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

### III.

### The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiffs make vague,

4

general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendant in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, defendant contended that because plaintiffs seek equitable relief via a declaration that defendant has no interest in the property, the amount in controversy is measured by the value of the object of the litigation. According to defendant, when the object of the litigation is protection of the plaintiff's property, the fair market value establishes the amount in controversy. Here, the fair market value of the subject property is alleged to be $152,900.00; thus the amount in

controversy exceeds the jurisdictional minimum.[3]

The fact that the value of the property mentioned in plaintiffs' pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere do plaintiffs in their state court pleadings indicate that the fair market value of the property represents the amount in damages they are requesting.

Further, a review of plaintiffs' pleadings makes clear that while plaintiffs take issue with defendant's purported interest in the property or its right to initiate foreclosure proceedings, they have no legitimate claim to outright title to the property. Although plaintiffs reference a "release of lien" as showing defendant has no authority to foreclose on the property, the release makes clear that it pertains to the October 2004 transaction, rather than the March 2007 refinance. Further, the injunctive relief plaintiffs seek is limited to the pendency of this action. Hence, the court is convinced that there is no

---

[3]Defendant relies in part on Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), to support its allegations as to the amount in controversy. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Nothing in the notice of removal has persuaded the court otherwise.

legitimate dispute in this action over ownership to the property, only plaintiffs' efforts to extend the time they can stay on the property and delay the sale of the property through foreclosure.

No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

### IV.

### Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 12, 2013.

_____
JOHN McBRYDE
United States District Judge